# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | NO. 3:14-CR-51 REEVES/GUYTON |
| GREGORY WILLIAMS, | ) ) ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION AND ORDER

On December 4, 2014, Gregory Williams was sentenced to 27 months in prison, followed by three years of supervised release, for being a felon in possession of a firearm and ammunition. Mr. Williams was released from custody on April 8, 2016. He has now served more than two years of his term of supervised release, which is currently set to expire on April 7, 2019. On May 7, 2018, Mr. Williams filed a *pro se* motion for early termination of supervised release [D. 25]. In support of his motion, Mr. Williams states that he has maintained steady employment and a stable residence, and has obtained his driver's license, a vehicle, and automobile insurance. Mr. Williams also says that he has completed the requirements of his supervision—including home visits, monthly reports, and drug screens—and that his supervising probation officer recommended that he petition the Court for early termination.

Mr. Williams's motion omits a few key details, including the fact that during his first year of supervision, Mr. Williams failed two drug screens, moved residences on several occasions without informing the probation office, and repeatedly filed his monthly reports late. Mr. Williams met with his probation officer in September 2016 for a noncompliance meeting, and a follow-up report was filed with the Court in March 2017. The report indicates that Mr. Williams became more

1

compliant with the terms of his supervised release over time. Even so, Mr. Williams's probation officer says that he did *not* recommend that Mr. Williams seek early termination; he simply informed Mr. Williams of his statutory right to do so. And based on Mr. Williams's extensive criminal history and previous noncompliance, the probation office actually opposes his request for early termination of supervised release.

A court may terminate a term of supervised release at any time after the expiration of one year of supervision if, after considering the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). After carefully considering the requirements of the statute, the Court finds that the relevant portions of 18 U.S.C. § 3583(e) do not support an early termination of supervised release in this case. Accordingly, Mr. Williams's motion [D. 25] is **DENIED**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**